IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHRISTIAN T. ALVAREZ, | ) | No. C 10-5744 RMW (PR) |
| Petitioner, | ) ) | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; REQUIRING ELECTION BY PETITIONER |
| vs. | ) ) ) | |
| M.D. MCDONALD, Warden, | ) ) | |
| Respondent. | ) ) | (Docket No. 9) |

Petitioner, a state prisoner proceeding pro se, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the petition should not be granted. Respondent has filed a motion to dismiss for failure to exhaust. Although given an opportunity, petitioner has not filed an opposition. For the reasons below, the court grants respondent's motion to dismiss, but requires petitioner to elect how he wishes to proceed.

**BACKGROUND**

Petitioner challenges his 2008 criminal conviction and sentence in the Contra Costa County Superior Court. He filed a direct appeal to the California Court of Appeal, which affirmed the conviction and judgment. Petitioner filed a subsequent petition for review in the California Supreme Court, which denied the petition. The instant petition was filed on January 10, 2011. In the petition, this court found that petitioner presented three cognizable claims:

Order Granting Respondent's Motion to Dismiss; Requiring Election by Petitioner
P:\PRO-SE\SJ.Rmw\HC.10\Alvarez744mtdexh.wpd

1  (1) counsel was ineffective when counsel failed to object to evidence of a polygraph test; (2) the
2  trial court erred in admitting irrelevant and prejudicial criminal gang evidence; and (3) the trial
3  court erred by giving the jury an incomplete and confusing jury instruction on attempted murder.

## DISCUSSION

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b), (c).  The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "the initial 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'"  Picard v. Connor, 404 U.S. 270, 275 (1971) (citations omitted).  The exhaustion requirement is satisfied only if the federal claim has been "fairly presented" to the state courts.  See id.; Peterson v. Lampert, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc).  A federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted.  See Rhines v. Weber, 544 U.S. 269, 273 (2005).

Respondent has attached a copy of petitioner's petition for review to the California Supreme Court, which shows that petitioner only raised Claims 2 and 3 to the California Supreme Court. (Mot., Ex. B.)  Petitioner did not raise his ineffective assistance of counsel claim for failure to object to evidence of a polygraph test in the California Supreme Court. Although petitioner did raise a claim that polygraph evidence was admitted in violation of his right to due process, that claim, as presented in his petition for review, was insufficient to exhaust his ineffective assistance of counsel claim.  See Kelly v. Small, 315 F.3d 1063, 1068 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007). Petitioner did not file a state habeas petition in the California Supreme Court.  Nor has petitioner submitted any evidence to the contrary.  Thus, it appears that petitioner has not fairly presented Claim 1 to the highest state court.  Accordingly, the court GRANTS respondent's motion to dismiss the petition as a "mixed" petition that contains both exhausted and unexhausted claims.

Order Granting Respondent's Motion to Dismiss; Requiring Election by Petitioner
P:\PRO-SE\SJ.Rmw\HC.10\Alvarez744mtdexh.wpd    2

1 | See Rhines, 544 U.S. at 273.

2 |     Due to a critical one-year statute of limitations on the filing of federal habeas petitions
3 | under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), see 28 U.S.C.
4 | § 2244(d), the court will not dismiss the mixed petition (and possibly cause a later-filed petition
5 | to be time-barred) without first giving petitioner the opportunity to elect whether to proceed with
6 | just his exhausted claims, or to try to exhaust the unexhausted claims before having this court
7 | consider his petition. Therefore, instead of an outright dismissal of the action, the court will
8 | allow petitioner to choose whether he wants to:

9 |     (1) dismiss the unexhausted claim and go forward in this action with only the exhausted
10 | claims; or

11 |     (2) dismiss this entire action and return to state court to exhaust all claims before filing a
12 | new federal petition presenting all of his claims; or

13 |     (3) move to stay these proceedings while he exhausts his unexhausted claim in the
14 | California Supreme Court.

15 |     In Rhines, the Supreme Court discussed the stay-and-abeyance procedure for mixed
16 | petitions. The Supreme Court cautioned district courts against being too liberal in allowing a
17 | stay because a stay works against several of the purposes of AEDPA in that it "frustrates
18 | AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the
19 | federal proceeding" and "undermines AEDPA's goal of streamlining federal habeas proceedings
20 | by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his
21 | federal petition." Rhines, 544 U.S. at 277. A stay and abeyance "is only appropriate when the
22 | district court determines there was good cause for the petitioner's failure to exhaust his claims
23 | first in state court," the claims are not meritless, and there are no intentionally dilatory litigation
24 | tactics by the petitioner. Id. at 277-78. Any stay must be limited in time to avoid indefinite
25 | delay. Id. Reasonable time limits would be thirty (30) days to proceed to state court and thirty
26 | (30) days to return to federal court after the final rejection of the claims by the state court. See
27 | id. at 278; Kelly, 315 F.3d at 1071.

28 |

Order Granting Respondent's Motion to Dismiss; Requiring Election by Petitioner
P:\PRO-SE\SJ.Rmw\HC.10\Alvarez744mtdexh.wpd    3

1  Petitioner is cautioned that each of the three options outlined above has risks and
2 drawbacks that he should take into account in deciding which one to choose.  If he chooses
3 option (1) and goes forward with only his exhausted claims, he may face dismissal of any
4 later-filed petition challenging the underlying conviction and sentence.  See 28 U.S.C. § 2244(b).
5 If he chooses option (2), dismissing this action and returning to state court to exhaust all claims
6 before filing a new federal petition, his new federal petition may be rejected as time-barred.  See
7 28 U.S.C. § 2244(d).  If he chooses option (3), he must file a motion in this court to obtain a stay
8 and demonstrate good cause for failing to exhaust.  If the motion is granted, he then must act
9 diligently to file a petition in the California Supreme Court and obtain a decision from that court
10 on his unexhausted claim.  Petitioner then must return to this court.  Under option (3), this action
11 stalls.  This court will do nothing further to resolve the case while petitioner is diligently seeking
12 relief in state court.

## CONCLUSION

14  For the foregoing reasons, the court orders as follows:
15  1.  Respondent's motion to dismiss is GRANTED.
16  2.  Within **thirty (30) days** of the date of this order, petitioner must serve and file a
17 notice in which he states whether he elects to:  (1) dismiss the unexhausted claim (Claim 1) and
18 go forward in this action with only the exhausted claims (Claims 2-3); or (2) dismiss this action
19 and return to state court to exhaust all of his claims before returning to federal court to present
20 all of his claims in a new petition; or (3) move for a stay of these proceedings by demonstrating
21 good cause while he exhausts his state court remedies for the unexhausted claim.
22  If petitioner chooses option (1) or option (2), his filing need not be a long document; it is
23 sufficient if he files a one-page document entitled "Election By Petitioner" and states simply:
24 "Petitioner elects to proceed under option _____ provided in the court's order dated _____."
25 Petitioner must insert a number in place of the blank space to indicate which of the first two
26 options he chooses and insert the date of the court's order.
27  If petitioner chooses option (3), he must file a motion for a stay in which he must
28 demonstrate good cause by explaining why he failed to exhaust his unexhausted claim in state

1  court before presenting it to this court, that his claims are not meritless, and that he is not
2  intentionally delaying resolution of his constitutional claims.
3      **If petitioner does not choose one of the three options or file a motion within thirty**
4  **(30) days of the date of this order, the entire action will be dismissed.**
5      The clerk is directed to terminate docket number 9.
6      IT IS SO ORDERED.
7  DATED: _____         _____
                                      RONALD M. WHYTE
8                                     United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN T ALVAREZ,<br><br>     Plaintiff,<br><br>  v.<br><br>STATE OF CALIFORNIA et al,<br><br>     Defendant. | Case Number: CV10-05744 RMW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 25, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Christian T Alvarez G-22117
Corcoran State Prison
PO Box 3466
Corcoran, CA 93212

Dated: October 25, 2011

Richard W. Wieking, Clerk
By: Jackie Lynn Garcia, Deputy Clerk